Dated: May 21, 2019

The following is ORDERED:



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHARLOTTE RENEA JOHNSON, | ) | Case No. 18-14167-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| HENRY JAMES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 19-01001-SAH |
| | ) | |
| CHARLOTTE RENEA JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION
FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT, AND
NOTICE OF OPPORTUNITY FOR HEARING [DOC. 18]**

The following come on for consideration by the Court:

1. Amended Complaint [Doc. 5], filed by plaintiff Henry James Johnson ("Plaintiff") on January 8, 2019;

**B  19-019**

2. Plaintiff's Amended Motion for Summary Judgment, Brief in Support and Notice of Opportunity for Hearing [Doc. 18], filed by Plaintiff on April 25, 2019 (the "Motion"); and

3. Defendant's Response and Objection to Plaintiff's [Amended] Motion for Summary Judgment [Doc. 23], filed by defendant Charlotte Renea Johnson ("Defendant") on May 10, 2019 (the "Response").

## JURISDICTION

The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I). Additionally, the parties consented to this Court's entry of final orders pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012.

## BACKGROUND

The parties to this adversary proceeding are former husband and wife. As part of their agreed decree of divorce and dissolution of marriage, the marital home was ordered to be sold, and the proceeds therefrom divided equally. After the marital home was sold, however, the proceeds were deposited into Defendant's bank account and Plaintiff did not receive any benefit therefrom. The parties disagree as to how and why this happened. Thereafter, Plaintiff filed an indirect contempt of court citation against Defendant in the divorce court and was granted judgment in the amount of one-half of the marital home sales proceeds. Defendant then filed bankruptcy. Having filed this adversary proceeding seeking to except the state court judgment

from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(5) & (15),[1] Plaintiff now asks the Court to grant summary judgment in his favor.

Summary judgment is appropriate only if all of the pleadings, depositions, discovery responses, together with any affidavits, show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable to this proceeding by Fed. R. Bankr. P. 7056). Having considered the pleadings, the properly submitted summary judgment evidence, and the relevant legal authorities, the Court finds Plaintiff has met his burden of demonstrating there is no genuine issue as to any material facts, and he is entitled to summary judgment.

## UNDISPUTED MATERIAL FACTS

1. Plaintiff and Defendant were married on March 7, 1998, and remained so until February 5, 2014, the date an Agreed Decree of Divorce and Dissolution of Marriage (the "Divorce Decree") was entered dissolving their marriage. Pursuant to the Divorce Decree, Plaintiff and Defendant (1) agreed to sell their marital home located at 13701 Alicia Springs Court, Oklahoma City, Oklahoma, and (2) were ordered to sell the marital home with the sales proceeds, after payment of the costs of sale, to be divided between them equally. Motion, Exhibit A.

2. The marital home ultimately sold in 2016 for $233,150.71 which, at closing, was divided into two checks of $116,575.35 each, one payable to Plaintiff and one payable to

---

[1] Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

B  19-019

Defendant. Defendant subsequently deposited both checks in her bank account. Motion, Exhibit B at 13-15, 20.

3. Plaintiff thereafter filed for indirect contempt of court against Defendant, and on February 7, 2018, the parties appeared for trial before Judge Lori Puckett, in Cleveland County District Court. Exhibit B. At the conclusion of trial, the court found that Defendant was "in contempt and violated the Court's orders; that this [Plaintiff] was entitled to his equitable share which would have at least been $116,575.35." Motion, Exhibit B at 108. Sentencing was set for March 12, 2018. Exhibit B at 110.

4. On March 12, 2018, the parties appeared before the divorce court through counsel, and the court entered a "Summary Order" that states:

> The court reduces to judgment the amount of $116,575.35 against [Defendant] in favor of the [Plaintiff], and orders the same repaid to purge the [Defendant's] contempt.
>
> Sentencing reset to 05-21-18 at 11:30 A.M. in this matter to assess [Defendant's] compliance with the purge plan.

Motion, Exhibit C.

5. On May 21, 2018, the divorce court entered its "Journal Entry on First Sentencing," memorializing the Summary Order (the "Judgment"). Motion, Exhibit D.

6. Defendant did not appeal the divorce court's Judgment. OSCN Docket for Cleveland County District Court Case No. FD-2013-831.[2]

---

[2] Federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). Courts are entitled to take judicial notice of a memorandum and orders from other litigation involving the same parties where an earlier court made factual findings regarding issues in the current proceeding. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-62 (10th Cir. 2008).

4

7.  On October 2, 2018, Defendant filed her petition for relief under chapter 7 of the Bankruptcy Code. Bankr. 18-14167, Doc. 1.

8.  On her Schedule E/F, Defendant listed a debt to Plaintiff in the amount of $117,000, which was not indicated as contingent, unliquidated, or disputed, or subject to offset. Bankr. 18-14167, Doc. 14-2 at 22.

9.  Plaintiff commenced this adversary proceeding on January 7, 2019. The Amended Complaint asserts that the $116,575.35 debt owed to Plaintiff by Defendant is a domestic support obligation, as defined in Section 101(14A), and as such is non-dischargeable pursuant to Section 523(a)(5), or alternatively, is non-dischargeable pursuant to Section 523(a)(15). Doc. 5.

10. In her Answer, Defendant denied that the debt is a nondischargeable domestic support obligation and asserted, *inter alia*, as affirmative defenses that Plaintiff's claim is barred by the doctrines of estoppel and laches. Doc. 9.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if all of the pleadings, depositions, discovery responses, together with any affidavits, show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable to this proceeding by Fed. R. Bankr. P. 7056); Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003); Bank of Cushing v. Vaughan (In re Vaughan), 342 B.R. 385, 2006 WL 751388 (10th Cir. BAP 2006) (citing prior Fed. R. Civ. P. 56(c), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993)). The moving party "bears the ultimate burden of establishing its right to summary

B 19-019

judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2002). If the movant has the burden of proof on the claim, the movant must establish each element of its claim or defense by sufficient, competent evidence to set forth a prima facie case. Reynolds v. Haskins (In re Git-N-Go, Inc.), 2007 WL 2816215, *2 (Bankr. N.D. Okla. 2007) (citing In re Ribozyme Pharm., Inc., Sec. Litig., 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)). Competent summary judgment evidence does not include conclusory statements and testimony based merely on conjecture or subjective belief. Git-N-Go, 2007 WL 2816215, *2.

"A fact is 'material' if under the substantive law it could have an effect on the outcome of the lawsuit." Adams v. Am. Guarantee and Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000)). Once the moving party meets its burden, the burden shifts to the non-moving party to demonstrate that genuine issues remain for trial as to dispositive matters for which it carries the burden of proof. Vaughan, 342 B.R. 385 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) and Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "A dispute over a material fact is "genuine" if a rational [fact finder] could find in favor of the nonmoving party on the evidence presented." Equal Emp't Opportunity Comm'n v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The record must be considered in the light most favorable to the party opposing summary judgment. Vaughan, 342 B.R. 385, *2 (citing Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984)).

## CONCLUSIONS OF LAW

A. **Relevant Statutory Provisions.**

Section 523(a)(5) excepts from discharge any debt "for a domestic support obligation."

A "domestic support obligation" is defined by Section 101(14A) as

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided by applicable law notwithstanding any other provision of this title, that is–
>
> (A) owed or recoverable by–
>
> > (i) a spouse, former spouse or child of the debtor or such child's parent, legal guardian or responsible relative; or
> >
> > (ii) or governmental unit
>
> (B) in the nature of alimony, maintenance or support [ ] of such spouse, former spouse or child of the debtor or such child's parent without regard to whether such debt is so designated;
>
> (C) established or subject to establish before, on, or after the date of the order for relief in a case under this title, bu reason of applicable provisions of–
>
> > (i) a separation agreement, divorce decree or property settlement agreement:
> >
> > (ii) an order or a court of record; or
> >
> > (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

> (D) not assigned to a nongovernmental entity,
> unless that obligation is assigned voluntarily by the
> spouse, former spouse, child of the debtor, or such
> child's parent, legal guardian, or responsible relative
> for the purpose of collecting the debt.

Section 523(a)(15) excepts from discharge a debt

> to a spouse, former spouse, or child of the debtor and not of the
> kind described in [Section 523(a)(5)] that is incurred by the debtor
> in the course of a divorce or separation or in connection with a
> separation agreement, divorce decree or other order of a court of
> record, or a determination made in accordance with State or
> territorial law by a governmental unit.

"Essentially, the combination of amended § 523(a)(5) and (15) [ ] exclude from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless, provided that they were incurred in the course of a divorce or separation or established in connection with a separation agreement, divorce decree, or other order of a court of record or a determination made in accordance with state or territorial law by a governmental unit." Taylor v. Taylor (In re Taylor), 478 B.R. 419, 428-29 (10th Cir. BAP 2012). "These provisions reflect the congressional preference for the rights of spouses to alimony, maintenance or support over the rights of debtors to a 'fresh start' free of debts." Taylor v. Taylor (In re Taylor), 737 F.3d 670, 675 (10th Cir. 2013) (quoting Gianakas v. Gianakas (In re Gianakas), 917 F.2d 759, 761 (3d Cir. 1990).

Ordinarily, "'exceptions to discharge are to be narrowly construed'" with "'doubt resolved in the debtors' favor.'" Affordable Bail Bonds, Inc. v. Sandoval (In re Sandoval), 541 F.3d 997, 1001 (10th Cir. 2008) (quoting Bellco First Federal Credit Union v. Kaspar (In re Kaspar), 125 F.3d 1358, 1361 (10th Cir. 1997)). However, due to policies favoring enforcement

of familial obligations, exceptions to discharge under Section 523(a)(5) & (15) are construed more liberally than other provisions of Section 523. Taylor, 478 B.R. at 427 & n.26 (citing In re Crosswhite, 148 F.3d 879, 881-82 (7th Cir. 1998)).

**B.      The Judgment is a Nondischargeable Debt Pursuant to Section 523(a)(15).**

The debt at issue here is not a domestic support obligation because it is not "in the nature of alimony, maintenance or support," but instead is clearly related to division of marital property pursuant to the parties' Divorce Decree. See, e.g., Rodriguez v. Rodriguez (In re Rodriguez), 465 B.R. 882, 892 (Bankr. D. N.M. 2012). Therefore, it is not nondischargeable under Section 523(a)(5).

However, non-support divorce-related debts are nondischargeable under Section 523(a)(15). Under Section 523(a)(15), the focus is on whether the debt was incurred in the course of a divorce or separation. Wodark v. Wodark (In re Wodark), 425 B.R. 834, 837-38 (10th Cir. BAP 2010). The following elements must be proven for a debt to be excepted from discharge under Section 523(a)(15): (i) the debt at issue is owed to a spouse, former spouse, or child of the debtor; (ii) the debt is not for a support obligation that is covered by Section 523(a)(5); and (iii) the debt was incurred in a separation agreement, divorce decree, or other order of the court of record. Damschroeder v. Williams (In re Williams), 398 B.R. 464, 467 (Bankr. N.D. Ohio 2008). Where a debt arises as a result of a judgment against a spouse in the course of, or in connection with, a divorce, such debt qualifies as a nondischargeable debt under Section 523(a)(15). Taylor, 737 F.3d at 680; Wade v. Acord (In re Acord), 2019 WL 2070732 (Bankr. D. Kan. 2019) (a debt to a former spouse that is not for support of that spouse but incurred in connection with a divorce proceeding is nondischargeable under Section 523(a)(15)).

9

Here, there is no question that the required elements are present. The parties are former spouses, the obligation is not characterized in the Divorce Decree as "support," and the debt arises from a Judgment of the divorce court to enforce the terms of the Divorce Decree. Thus, the Judgment debt falls within the parameters of Section 523(a)(15). Reeves v. Arnold (In re Arnold), 2016 WL 5390114, *4 (Bankr. D. Colo. 2016) (citing In re Golio, 393 B.R. 56, 62 (Bankr. E.D. N.Y. 2008)).

In opposition to summary judgment, Defendant essentially claims there is no debt. But Defendant's arguments in this regard impermissibly attack the state divorce court's Judgment. Defendant claims "[t]he divorce court's finding is contrary to the evidence including (1) the cancelled check showing that Plaintiff received a check in his name for his portion, (2) that the check bears his endorsement on the back, and that Plaintiff signed a sworn 'Release and Satisfaction of Judgment' unequivocally releasing and forever discharging [Defendant] from liability under the Divorce Decree. See Exhibits 1 and 2." Response at 3. Defendant's version of the story is that Plaintiff loaned her his share of the sales proceeds "to help purchase a home and otherwise provide for her and the parties' children." She argues the transaction "was a loan between private citizens, and not an obligation in connection with their divorce. . . . It was a private loan pursuant to an agreement reached by the parties subsequent to the entry of the Decree of Divorce." Response at 3. According to Defendant, "Plaintiff later suffered from 'lender's remorse' and now wants to kick [Defendant] and her children out on the street. His change of heart is not a basis for refusing to discharge this dischargeable debt." Response at 9.

Defendant, however, neglects to recognize that, during the contempt proceedings, the divorce court heard her arguments about the alleged "loan" and, nevertheless, reduced the debt to

Judgment. Defendant did not appeal the divorce court's Judgment, and this Court cannot now ignore that Judgment.

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered. "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."

Marrese v. American Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (citing Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982); Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)). Although this Court has jurisdiction to hear this core matter of nondischargeability, it is not authorized to revisit the validity of the divorce court's Judgment. McCarthy v. McCarthy (In re McCarthy), 2010 WL 3269801 (D. Minn. 2010); Russell v. Russell (In re Russell), 2011 WL 1356709 (Bankr. N.D. Iowa 2011).

Therefore, the state court's Judgment in the amount of $116,575.35 is nondischargeable pursuant to Section 523(a)(15), and Plaintiff's Motion is hereby GRANTED.

IS SO ORDERED.

# # #

B 19-019